IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01230-RPM

SCOTT A. INNES,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

ORDER AFFIRMING DECISION
_____

   This is a review of the decision denying the application of Scott A. Innes for Supplemental Security Income benefits based on the decision of an Administrative Law Judge ("ALJ") dated March 3, 2006, after a hearing held on December 15, 2005. The ALJ found that Mr. Innes had the residual functional capacity to perform light work as a "charge account clerk, document preparer, ampoule (sic) sealer and surveillance system monitor" despite the limitations caused by his impairments: "possible lumbar compression fractures and osteoporosis, right shoulder pain, right knee osteoarthritis, and is status post right hip fracture and fractures of the right third, fourth, and fifth metacarpals." (R. 23).

   The ALJ's Step 5 conclusion was based on the testimony of a vocational expert ("VE") in response to the ALJ's hypothetical question, assuming limitations consistent with the evaluation in a medical assessment form, dated October 5, 2005, completed by Dr. Nathan M. Josephs, D.O. (R. 183-187) which refers to his narrative

report of his examination of the claimant performed on October 5, 2005, as a Social Security consultative physician. The plaintiff's claim of error in this court is that the ALJ gave greater weight to Dr. Josephs' opinion than to those of claimant's treating physician, Dr. Michelle Drury, M.D. Dr. Drury completed a Revised Medical Assessment of Ability To Do Work Related Activities dated in December, 2005, (R. 260-265), opining that the claimant's limitations are more severe. If the ALJ had accepted that report, there would be no residual functional capacity to perform the work identified by the VE. The ALJ rejected the more severe limitations expressed by Dr. Drury, in part, based on the claimant's testimony at the hearing that he was present with Dr. Drury when she completed the form and that he gave her his subjective complaints for her use in completing the report. The ALJ also found that the December report was inconsistent with an earlier Med-9 Form completed by Dr. Drury on September 30, 2005, in which she opined that Mr. Innes was unable to resume a job that involves heavy manual labor and needed to be retrained for more sedentary work. (R. 188-189). Dr. Drury had given the claimant a physical examination in September, 2005, and her notes of that examination repeated that he was unable to do manual labor and wanted to get retrained through vocational rehabilitation (R. 243). The plaintiff claims that the examination notes are consistent with Dr. Drury's revised assessment (R. 272-277) and that the ALJ failed to recognize that the revised assessment was based on a physical examination.

The ALJ also rejected a Med-9 Form completed by Dr. Eric H. Smith, D.O., on October 20, 2005, expressing severe limitations and an inability to resume any job

2

that involved physical or strenuous work but that he may be able to enter into some kind of vocational rehabilitation for a sedentary position at least 12-18 months in the future (R. 190-191). Dr. Smith's evaluation was consistent with that of Dr. Drury in her revised evaluation. The failure of the ALJ to acknowledge the physical examination by Dr. Drury performed in September, 2005, is harmless error.

The ALJ also made a credibility determination with respect to the claimant's testimony concerning his limitations and the pain he experienced. The ALJ sufficiently explained his evaluation of credibility as inconsistent with medical records and the claimant's activities.

It is problematic that this man who has been a homeless alcoholic for several years, living on minimum subsistence welfare benefits can actually find employment in the jobs identified by the ALJ. The law disregards reality and permits the hypothetical employment found in this case to justify denial of this application for Supplemental Security Income benefits. Given this Court's limited authority to review the ALJ's findings, the Court concludes that they are based on substantial evidence of record and that there is no error of law. Accordingly, it is

ORDERED that the decision is affirmed.

Dated: February 20, 2008

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge